IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRELL LEE HALL, § | |
| (TDCJ-CID #1330580) § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-13-1993 |
| § | |
| ANA A. SANCHEZ, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Darrell Lee Hall, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in July 2013, alleging civil rights violations resulting from a denial of due process. Hall, proceeding *pro se* and *in forma pauperis*, sues a security threat group sergeant, a correctional officer, and a disciplinary hearing officer at the Pack I Unit.

Hall alleges that on March 27, 2013, Sergeant Sanchez, the security threat group officer, ordered Correctional Officer Reynolds to charge Hall with a disciplinary violation for being in the commissary line without authorization. Lieutenant Boughner, a disciplinary officer, conducted the hearing on March 30, 2013. At the hearing, Hall advised Lieutenant Boughner that the charge was fabricated. Hall asked Lieutenant Boughner to adjourn the hearing so that Hall could call the commissary manager as a witness. Hall explained that the commissary was closed on Wednesday morning and that he could not have been in the commissary line on that date. Hall alleges that Lieutenant Boughner refused the request and found Hall guilty. The punishment was a loss of commissary privileges for 7 days and a loss of recreation privileges for 7 days.

Hall alleges that Lieutenant Boughner found him guilty based on a false charge and insufficient evidence. Hall filed a Step 1 grievance. On April 26, 2013, Assistant Warden Donald Bilnoski responded: "A review of disciplinary case #20130206799 was conducted and procedural errors were found. Therefore the case has been deleted. No further action warranted. Grievance resolved." (Docket Entry No. 1, Complaint, Ex. C, p. 2). Hall seeks a declaratory judgment, $5,000.00 in compensatory damages, $5,000.00 in punitive damages, and $350.00 for the filing fee.

A federal court has the authority to dismiss a complaint in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

"Prison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When punishment for a prison disciplinary cause does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there is no "protected liberty interest" that would entitle the inmate to procedural due process rights. *Sandin v. Conner,* 515 U.S. 472, 486 (1995). Commissary and cell restrictions do not merit constitutional protection. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

Hall's punishment consisted of a loss of commissary and recreation privileges. These do not raise due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). They are not "the type of atypical, significant deprivation" that is actionable. *Id. See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996). Hall's due process claim is dismissed as legally frivolous. 28 U.S.C. § 1915A(b)(1).

Hall's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. His complaint lacks an arguable basis in law and is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(I).

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on August 2, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge